CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 5 2013

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 7:11cr00089 |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| **ASTON EARL MCCREA,** | ) | |
| | ) | **By: Samuel G. Wilson** |
| Defendant. | ) | **United States District Judge** |

On May 15, 2012, a jury found Aston Earl McCrea guilty of five counts related to his distribution of marijuana. On September 14, 2012, this court entered a final order of forfeiture compelling McCrea to forfeit to the United States $3,937.37 in U.S. currency, a Ruger pistol, thirty-seven rounds of ammunition, and a $76,062.63 money judgment comprising the proceeds of McCrea's offenses. The government has filed a motion to amend the final order of forfeiture, asserting that McCrea has not satisfied the $76,062.63 money judgment. According to the government, "[d]espite the exercise of due diligence," it "has been unable to locate the proceeds of the offense and is therefore requesting that the Court order the forfeiture of substitute property" in the form of a large parcel of land that McCrea owns in Goodview, Virginia.

Pursuant to 21 U.S.C. § 853(p), the court shall order the defendant to forfeit substitute property if it finds that, "as a result of any act or omission of the defendant," the property originally subject to forfeiture under the statute

> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;
> (C) has been placed beyond the jurisdiction of the court;
> (D) has been substantially diminished in value; or
> (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). Before the court can make that finding, however, there must be some evidence that the statute's requirements are satisfied. See, e.g., United States v. Alamoudi, 452 F.3d 310, 316 (4th Cir. 2006) (finding that an affidavit from an FBI special agent sufficed); United States v. Hailey, 887 F. Supp. 2d 649, 654–55 (D. Md. 2012) (finding that witness testimony sufficed). Here, the court has nothing save for the government's bare representation that it has tried and failed to locate the proceeds of the offenses. Consequently, the court will hold a hearing so that it can make the requisite findings under § 853(p). Given the complex nature of this matter, the court will appoint counsel to represent McCrea pursuant to 18 U.S.C. § 3006A. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the government's motion to amend the forfeiture order (ECF No. 145) is **TAKEN UNDER ADVISEMENT**, and McCrea's motion to appoint counsel (ECF No. 149) is **GRANTED**.

    **ENTER**: April 5, 2013.

UNITED STATES DISTRICT JUDGE