CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
June 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 7:11-cr-00089 |
| | ) |
| | ) By: Michael F. Urbanski |
| ASTON EARL MCCREA, | ) Chief United States District Judge |
| | ) |
| Defendant-Petitioner | ) |

## MEMORANDUM OPINION

Defendant Aston Earl McCrea, proceeding pro se, has three motions pending before the court: (1) A "motion for verification," ECF No. 249; (2) a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 250; and (3) a motion to grant the motion to reduce sentence, ECF No. 255. The Federal Public Defender was given an opportunity to supplement the first two motions but declined to do so. ECF Nos. 251, 253. The government has responded to the motions. ECF Nos. 254, 257. For the reasons stated below, McCrea's "motion for verification," is **DENIED without prejudice** and his remaining motions are **DENIED with prejudice.**

### I. Background

On May 15, 2012, a jury convicted McCrea of conspiracy to possess with intent to distribute and distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count 1); possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)  (Count 2); conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h) (Count 3); being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 4); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 5). Second Superseding Indictment, ECF No. 46; Jury Verdict, ECF No. 80.

At the time McCrea was sentenced, on Counts 1 and 3 he faced a statutory mandatory minimum sentence of 10 years and a maximum term of life. Pre-sentence Investigation Report (PSR), ECF No. 112 ¶ 58; 21 U.S.C. §§ 841(b)(1)(B) and 846. On Count 2, McCrea faced a maximum sentence of 10 years. PSR, ECF No. 112 ¶ 58; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 851.[1] On Count 4, the maximum term of imprisonment was 10 years. PSR, ECF No. 112 ¶ 58; 18 U.S.C. §§ 922(g) and 924(a)(2). On Count 5, the minimum term of imprisonment was 5 years and the maximum was life, to be served consecutively to any other counts. PSR, ECF No. 112, ¶ 58; 18 U.S.C. § 924(c)(1)(A).

McCrea had a base offense level of 26 based on drug weight. PSR, ECF No. 112 ¶ 18; U.S. SENT'G COMM'N, GUIDELINES MANUAL § 2D1.1(a)(5) ("USSG" or "guidelines"). He received a 2-level increase under USSG § 2S1.1(b)(2) because of his conviction for money laundering, a 2-level increase for his role as a leader, and a 2-level increase for obstruction of justice, for an adjusted offense level of 32. PSR, ECF No. 112 ¶¶ 18–24. With a criminal

---

[1] Pursuant to 21 U.S.C. § 851, the government filed a Notice of Information to Enhance Sentence on December 29, 2011. ECF No. 21. Section 851 provides that "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851.

history category of III, Id. ¶ 32, his guidelines range based on drug weight was 151 to 188 months. USSG Ch. 5 Pt. A.

However, because McCrea qualified as a career offender under USSG § 4B1.1(b)(1), his total offense level was 37 and his criminal history category was VI. His qualifying predicate offenses were for possession of marijuana with intent to distribute, and conspiracy to distribute cocaine. PSR, ECF No. 112 ¶¶ 25, 29, 30. Based upon the total offense level of 37 and a criminal history category of VI, McCrea's guidelines imprisonment range was 360 months to life, plus 60 months consecutive for Count 5. PSR, ECF No. 112, ¶ 59; USSG § 5G1.2(a). At sentencing, the court found that McCrea was a career offender with a guidelines sentence of 360 months to life, plus 60 months consecutive. Nevertheless, the court varied downward and sentenced McCrea to the statutory mandatory minimum sentence of 180 months. The sentence consisted of 120 months each on Counts 1 through 4, served concurrently, and 60 months on Count 5, served consecutively. J., ECF No. 110; Tr. of Sent. Hr'g, ECF No. 132 at 34–35, 60. McCrea is incarcerated at Federal Correctional Facility Fort Dix and has a projected release date of February 19, 2025.[2]

## II. Discussion

### A. Motion for Verification

In McCrea's first motion, which he calls a "motion for verification," he asks the court to clarify that the convictions in his case, violations of 18 U.S.C. §§ 924(c)(1)(A) and 924(a)(2),

---

[2] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Aston McCrea") (last viewed May 31, 2024).

did not involve violence.[3] McCrea asks the court to send a document to his case manager at the Bureau of Prisons (BOP) clarifying that his offenses did not involve violence. Mot., ECF No. 249. McCrea has provided no authority in support of his motion nor any basis for granting his motion. The BOP has access to information on the court's docket regarding McCrea's conviction and prior criminal history. Given McCrea's vague request and lack of authority, his motion for verification is **DENIED without prejudice.**

**(B) Amendment 782**

In McCrea's second and third motions, he moves for a sentence reduction based on Amendment 782 to the guidelines. "A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c)." United States v. Foye, No. 7:07CR00069-04, 2016 WL 2755923, at *1 (W.D. Va. May 11, 2016) (citing United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010)). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782 reduced a sentencing range when it lowered by two levels those offense levels assigned to drug quantities in USSG §§ 2D1.1 and 2D1.11. USSG App. C amend. 782 (2014). The amendment was issued on November 1, 2014, but the United States

---

[3] McCrea was convicted of violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm, and 18 U.S.C. § 924(c)(1), possession of a firearm in furtherance of a drug trafficking crime. At the time he was sentenced, § 924(a)(2) set out the penalty for a violation of § 922(g)(1). Currently, § 924(a)(8) sets out the penalty for violation of § 922(g), with the maximum penalty having been increased from 10 years to 15 years.

Sentencing Commission made Amendment 782 retroactive by listing it in subsection (d) of §
1B1.10 of the guidelines manual. United States v. Muldrow, 844 F.3d 434, 436 (4th Cir. 2016).
Therefore, pursuant to 18 U.S.C. § 3582(c)(2), defendants who were sentenced before
Amendment 782 was adopted can move for a reduction of their sentence if it was based on
drug weight.

However, "[a] district court lacks the authority to grant a § 3582(c)(2) motion for a
reduced sentence under Amendment 782 if the defendant seeking the reduction was sentenced
pursuant to the career offender Guideline." United States v. France, 637 F. App'x 733, 734,
(4th Cir. 2016). See also United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) (per curiam)
("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district
court departed downward at sentencing), Amendment 782 did not lower his applicable
Guidelines range, and he is therefore not eligible for a sentence reduction.") As discussed
above, McCrea was sentenced as a career offender although the court varied downward and
sentenced him to the statutory mandatory minimum sentence of 180 months. Accordingly, he
is not eligible for a sentence reduction based on Amendment 782 of the guidelines.

Notably, even if McCrea did not qualify as a career offender, Amendment 782 would
not have the effect of reducing his sentence. After Amendment 782, his total offense level
would be 30 and his criminal history category would be III, which would give him a guidelines
range of 121 to 151 months. As McCrea was sentenced to the statutory mandatory minimum
sentence of 120 months on Counts 1 through 4 and the statutory mandatory minimum
consecutive sentence of 60 months on Count 5, he would not be entitled to a further

reduction. See USSG § 1B1.10(b)(2)(A) (providing that except when a sentence falls below a statutory minimum because a defendant provided substantial assistance, a court shall not reduce a sentence to a term that his less than the amended guideline range).

### III. Conclusion

For the reasons stated, McCrea's "motion for verification," ECF No. 249 is **DENIED without prejudice** and his motions for a sentence reduction, ECF Nos. 250 and 255 are **DENIED with prejudice.**

An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 5, 2024

Michael F. Urbanski
Chief United States District Judge